

**09     1696**

Brent E. Pelton, Esq.
PELTON & ASSOCIATES, PC
111 Broadway, 9th Floor
New York, New York 10006
(Phone) (212) 385-9700; (Fax)(212) 385-0800
pelton@peltonlaw.com



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ APR 24 2009 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CHRISTIAN BLANDINO, Individually and on
Behalf of all other Similarly Situated Employees

                Plaintiff,

-against-

METROPCS COMMUNICATIONS INC.,
METROPCS NEW YORK, LLC, NY METRO
PARTNER ASSOCIATE CORP., ROGER
D. LINQUIST, DAVID "DOE," ESA "DOE,"
MOHAMED "DOE" and JOHN DOES # 1-10,
Jointly and Severally

                Defendants.
-----------------------------------------------------------X

ECF

2009 CV _____

<u>CLASS & COLLECTIVE
ACTION COMPLAINT</u>

**Demand for a Jury Trial**

TRAGER, J.

J ORENSTEIN, M.J.

## <u>NATURE OF THE ACTION</u>

1.    Plaintiff CHRISTIAN BLANDINO ("Plaintiff") alleges, on behalf of himself and all other similarly situated current and former employees of the Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from defendants METROPCS COMMUNICATIONS INC., METROPCS NEW YORK, LLC, NY METRO PARTNER ASSOCIATE CORP. (collectively, METROPCS COMMUNICATIONS INC., METROPCS NEW YORK, LLC and NY METRO PARTNER ASSOCIATE CORP are referred to herein as "MetroPCS" or the "Corporate Defendants"), ROGER D. LINQUIST, DAVID "DOE," ESA "DOE,"

MOHAMED "DOE AND JOHN DOES # 1-10 (collectively, ROGER D. LINQUIST, DAVID "DOE," ESA "DOE," MOHAMED "DOE" and JOHN DOES #1-10 are referred to herein as the "Individual Defendants," and collectively with the Corporate Defendants, the "Defendants") for worked performed for which they received no compensation at all; (ii) unpaid wages for overtime work for which they did not receive overtime premium pay, as required by law, and (iii) entitled to liquidated damages, costs and attorneys fees pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*

2. Plaintiff further complains on behalf of himself and a class of all other similarly situated current and former employees of the Defendants, pursuant to Fed.R.Civ.P. 23, that they are entitled to wages from Defendants for work performed for which they received no compensation at all as well as for overtime work for which they did not receive overtime premium pay, along with unpaid commissions and wage deductions, as required by New York Labor Law §§ 650 *et seq.,* including Part 142, § 142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. Venue is proper in this district pursuant to 28 U.S.C. §1391.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

2

## THE PARTIES

6. Plaintiff CHRISTIAN BLANDINO ("Blandino" or "Plaintiff") was, at all relevant times, an adult individual, residing in Brooklyn, New York.

7. Upon information and belief, Defendant METROPCS COMMUNICATIONS INC. is a foreign corporation doing business within the State of New York with operating facilities in this district and throughout the United States.

8. Upon information and belief, Defendant METROPCS NEW YORK, LLC is a foreign corporation authorized to do business in New York and doing business within this district and throughout the United States.

9. Upon information and belief, Defendant NY METRO PARTNER ASSOCIATE CORP. is a New York corporation authorized to do business within the State of New York with operating facilities within this district.

10. Upon information and belief, MARK COHEN is an officer, director and/or managing agent of the Corporate Defendants, whose address is unknown at this time and who participated in the day-to-day operations of the Corporate Defendants and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and is jointly and severally liable with the Corporate Defendants.

11. John Does #1-10 represent the officers, directors and/or managing agents of the Corporate Defendants, whose identities are unknown at this time and who participated in the day-to-day operations of the Corporate Defendants and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations

thereunder and are jointly and severally liable with the Corporate Defendants.

## COLLECTIVE ACTION ALLEGATIONS

12. Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants since April 24, 2006 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid wages for all hours worked and overtime compensation at rates not less than one and one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members") which includes, but is not limited to, all MetroPCS retail sales representatives, assistant store managers along with all other non-exempt employees required to work more than forty (40) hours a week for which they were not paid overtime compensation as required by the FLSA.

13. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are several thousand members of the collective action who worked for Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

14. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

4

15. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

16. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

   a. whether the Defendants employed the Collective Action members within the meaning of the FLSA;

   b. whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Collective Action Members;

   c. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

   d. whether Defendants failed to pay the Collective Action Members wages for all hours worked as well as overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

   e. whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

5

  f. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

  g. whether Defendants should be enjoined from such violations of the FLSA in the future.

17. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

18. Plaintiff sues on his own behalf, and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

19. Plaintiff brings his New York Labor Law claims on behalf of all persons who were employed by Defendants and/or their predecessors at any time since April 24, 2003 to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the New York Labor Law and have not been paid wages and overtime wages in violation of the New York Labor Law (the "Class").

20. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are several thousand members of the Class during the Class Period.

21. The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual plaintiffs

lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

22. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

23. Plaintiff has committed himself to pursuing this action and she has retained competent counsel experienced in employment law and class action litigation.

24. Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

25. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

    a. whether the Defendants employed the members of the Class within the meaning of the New York Labor Law;

    b. whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and members of the Class;

    c. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

    d. whether Defendants failed and/or refused to pay the members of the Class wages for all hours worked including premium pay for hours worked in excess of forty hours per workweek;

7

e. whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, interest, costs and disbursements and attorneys' fees; and

f. whether the Defendants should be enjoined from such violations of the New York Labor Laws in the future.

## STATEMENT OF FACTS

26. MetroPCS is a provider of CDMA wireless communications services in the greater Boston, New York, Rhode Island, New Jersey, Miami, Tampa, Jacksonville, Sarasota, Fort Myers, Atlanta, San Francisco, Los Angeles, Las Vegas, Daytona, Dallas, Detroit, Orlando, Philadelphia and Sacramento areas. It is the sixth largest wireless telecommunications network in the United States and, as of the first quarter of 2009, serves a total of 6.1 million subscribers. MetroPCS uses a flat rate billing method, offering an unlimited local calling plan without a contract for $30 per month before taxes, as well as unlimited local and long distance plans for $35-$50 per month, depending on optional features.

27. MetroPCS was founded in 1994 and went public in an April 2007 initial public offering valued at $1.15 billion. MetroPCS used the money raised from their IPO to extend its network into New York, Boston, Philadelphia, Las Vegas and San Diego.

28. Blandino was employed by MetroPCS as a sales consultant within the New York City region from January 24, 2009 through April 19, 2009, at which time he was terminated because he had complained about not receiving proper wages, overtime and commission and his supervisors learned that he had retained an attorney to seek unpaid wages. When initially hired, Blandino was told that he would earn $8.00 per hour plus a commission of $2.00 for each phone that he activated and another $2.00 for each accessory sold, yet he

only received a fixed sum of $400.00 per week in cash, which he was instructed to take from the cash register from his store location.

29. Throughout the time period, Blandino was typically scheduled to work, and he actually worked, six (6) days per week from 10:00 am to 8:00 pm, for a total of approximately sixty (60) hours per week. Plaintiff was told that tardiness would not be tolerated and that Defendants would deduct one hour's pay in the event that he was late. While working for MetroPCS, Defendants did, in fact, deduct a full hour's pay for being tardy from work. Plaintiff was not paid minimum wage for all hours worked and he did not receive overtime compensation at time and one-half his regular hourly rate for hours worked in excess of forty each week. Further, Plaintiff was never paid commissions on phone activations and accessory sales.

30. Throughout the relevant period, plaintiff was also required to work "off the clock" hours reviewing and responding to emails, phone calls and text messages from his supervisors, clients and co-workers. In addition, Plaintiff was required to be available for Defendants outside of his regularly scheduled business hours and he was often required to work during his lunch break and while "off the clock."

31. While Plaintiff complained to his manager about not being paid properly, his manager never corrected the pay practices issue. When Plaintiff's managers learned that he had spoken with an attorney in an effort to obtain his unpaid wages and overtime, his employment with the Company was terminated and, in a series of text messages and phone calls, his manager threatened that he was "in for a surprise" and that MetroPCS attorneys would have him thrown into jail.

32. Throughout the relevant period, Plaintiff was typically required to bring his own

9

lunch to work or to just run out to pick up lunch, which would be eaten while still performing work for the Defendants.

33. Upon information and belief, Defendant MetroPCS Communications Inc. and MetroPCS New York, LLC employs hundreds if not thousands of retail sales associates, assistant managers and other similar non-exempt employees while NY Metro Partner Associate Corp. employees at least forty other non-exempt employees who performed retail sales, assistant manager or other similar functions for Defendants who work over forty (40) hours per week for which they are not paid overtime compensation as required by the FLSA and the New York Labor Law.

34. Plaintiff brings his FLSA claims on behalf of himself and all similarly situated persons who have worked for Defendants in non-exempt positions from April 24, 2006 through the date of the final judgment in this mater.

35. Plaintiff was required to work for Defendants well in excess of forty (40) hours per week, frequently requiring Plaintiff to work at least twenty (20) hours of overtime per week without any additional regular or overtime compensation.

36. Plaintiff's work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

37. The work performed by Plaintiff required little skill and no capital investment.

38. Plaintiff did not supervise other employees and his job duties did not include managerial responsibilities or the exercise of independent business judgment.

39. Plaintiff often worked in excess of 40 hours a week, yet the Defendants willfully failed to pay Plaintiff's compensation for hours worked in excess of forty hours per week, including overtime compensation of one and one-half times his regular hourly rate in

violation of the FLSA, the New York Labor Law and the supporting New York State Department of Labor regulations.

40. In addition to the Plaintiff, during the time period Defendants usually employed hundreds if not thousands of other similarly situated non-exempt employees who were required to perform work for Defendants outside of their regularly-scheduled work week and to work hours well past a forty-hour work week for which they were not paid wages or overtime compensation.

41. Throughout that time and, upon information belief, both before that time (throughout the Class Period) and continuing until today, the Defendants have likewise employed other individuals, like the Plaintiff (the Collective Action Members/the Class) in positions that required little skill and no capital.

42. Such individuals have worked in excess of 40 hours a week yet the Defendants have likewise willfully failed to pay them for all hours worked as well as wages for overtime compensation of one and one-half times their regular hourly rate, in violation of the FLSA and the New York Labor Law.

43. As stated, the exact number of such individuals is presently unknown but within the sole knowledge of the Defendants and can be ascertained through appropriate discovery.

44. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, while Defendants employed Plaintiff and the Collective Action Members/the Class, the Defendants routinely required Plaintiff and the Collective Action Members/the Class to work in excess of forty (40) hours per week, yet Defendants maintained a policy of not approving or paying for hours worked in excess of forty hours per week.

45. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, while Defendants employed Plaintiff and the Collective Action Members/the Class, the Defendants failed to maintain accurate and sufficient time records to reflect all of the hours that Plaintiff and the Collective Action members/the Class worked.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

46. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

47. At all relevant times Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

48. At all relevant times, Defendants employed, and/or continues to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

49. Upon information and belief, at all relevant times, the Corporate Defendants have had gross revenues well in excess of $500,000.00.

50. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216(b). The named Plaintiff's written consent is attached hereto and incorporated by reference.

51. At all relevant times, the Defendants had a policy and practice of refusing to pay wages for all hours worked as well as overtime compensation to its employees for their hours worked in excess of forty hours per workweek.

52. As a result of the Defendants' willful failure to compensate its employees,

12

including Plaintiff and the Collective Action members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

53. As a result of the Defendants' failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

54. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

55. Due to Defendants' FLSA violations, Plaintiff, on behalf of himself and the Collective Action members, are entitled to recover from Defendants their unpaid wages and overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### SECOND CLAIM FOR RELIEF
### NEW YORK LABOR LAW

56. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

57. At all relevant times, Plaintiff and the members of the Class were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

58. Defendants willfully violated Plaintiff's rights and the rights of the members of

the Class by failing to pay them compensation for all hours worked as well as overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

59. The Defendants' New York Labor Law violations have caused Plaintiff and the members of the Class irreparable harm for which there is no adequate remedy at law.

60. Due to the Defendants' New York Labor Law violations, Plaintiff and the members of the Class are entitled to recover from Defendants their unpaid wages and unpaid overtime compensation, damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to New York Labor Law § 663(1) et al. Plaintiff seeks liquidated damages, pursuant to New York Labor Law § 663(1) only in the alternative if the plaintiff Class is not certified.

## THIRD CLAIM FOR RELIEF
### New York Labor Law - Discrimination and Retaliation

61. Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

62. New York Labor Law § 215 states:

§ 215. Penalties and civil action; employer who penalizes employees because of complaints of employer violations

1. No employer or his agent, or the officer or agent of any corporation, shall discharge, penalize, or in any other manner discriminate against any employee because such employee has made a complaint to his employer, or to the commissioner or his authorized representative, that the employer has violated any provision of this chapter, or because such employee has caused to be instituted a proceeding under or related to this chapter, or because such employee has testified or is about to testify in an investigation or proceeding under this chapter. If after investigation the commissioner finds that an employer has violated any provision of this section, the commissioner may, by an order which shall describe particularly the nature of the violation, assess the employer a civil penalty of not less than two hundred nor more

than two thousand dollars. Notwithstanding the provisions of section two hundred thirteen of this chapter, the penalties set forth in this section shall be the exclusive remedies available for violations of this section.

2. An employee may bring a civil action in a court of competent jurisdiction against any employer or persons alleged to have violated the provisions of this section. The court shall have jurisdiction to restrain violations of this section, within two years after such violation, and to order all appropriate relief, including rehiring or reinstatement of the employee to his former position with restoration of seniority, payment of lost compensation, damages, and reasonable attorneys' fees. At or before the commencement of any action under this section, notice thereof shall be served upon the attorney general by the employee.

63. Prior to the commencement of this claim, in or around April 18, 2009, Defendants learned that Plaintiff had consulted with an attorney to discuss his right to receive overtime compensation. Defendants confronted Plaintiff with regard to his effort to obtain overtime pay and, shortly thereafter, issued his a final paycheck and terminated his employment from the Corporate Defendant in retaliation for Plaintiff seeking his back overtime pay. Plaintiff's employment with Defendants was terminated on or about on or about April 19, 2009 and, in conjunction with his termination, Defendants threatened Plaintiff in a series of telephone calls and text messages not to bring suit in violation of New York Labor Law § 215.

64. Upon learning that Plaintiff was seeking to enforce his right to overtime wages, Defendants terminated Blandino's employment with the company in retaliation for his efforts to obtain unpaid wages and overtime.

65. Due to Defendants' illegal termination of Blandino, Plaintiff seeks and is entitled to recover from Defendants his unpaid wages, unpaid overtime compensation, damages for unreasonably delayed payment of wages, back pay, front pay, rehiring and/or reinstatement

15

to his former position, and reasonable attorneys' fees, costs and disbursements of the action, and liquidated damages, pursuant to New York Labor Law § 663(1).

## PRAYER FOR RELIEF

Wherefore, Plaintiff on behalf of himself and all other similarly situated Collective Action Members and members of the Class, respectfully request that this Court grant the following relief:

a. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

b. An order tolling the statute of limitations;

c. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

e. An injunction against the Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f. An award of wages for all hours worked and overtime compensation, minimum wages and future lost wages due under the FLSA and the New York Labor Law;

g. An award of back pay, front pay, rehiring and/or reinstatement to Plaintiff's former position;

h. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay for all hours worked as well as overtime compensation pursuant to 29 U.S.C. § 216 and the New York Labor Law;

i. An award of damages arising out of the non-payment of wages and commissions;

j. An award of prejudgment and post-judgment interest;

k. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
April 24, 2009

PELTON & ASSOCIATES PC

By: _____
Brent E. Pelton (BP 1055)

Attorney for Plaintiff, Individually, and
on Behalf of All Other Persons Similarly Situated
111 Broadway, 9th Floor
New York, New York 10006

Telephone: (212) 385-9700
Facsimile: (212) 385-0800

April 14, 2009
Page 6

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Metro PCS and/or its owners and affiliates to pay me overtime wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____   04-16-09
Signature                 Date

Christian Blandino
Printed Name