UNITED STATES DISTRICT COURT EASTERN
DISTRICT OF NEW YORK

---

CHRISTIAN BLANDIO, Individually and on Behalf
of All Other Persons Similarly Situated,

                                                          2009 CV 1696 (DOT)

        Plaintiffs,

   -against-

METROPCS COMMUNICATIONS, INC., METROPCS
NEW YORK, LLC, NY METRO PARTNER ASSOCIATE
CORP., ROGER D. LINQUIST, DAVID "DOE," ESA
"DOE," MOHAMED "DOE" and JOHN DOES #1-10,
Jointly and Severally,

        Defendants.

---

## DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendants, by and through their undersigned attorneys, as and for their Response to Plaintiff's First Set of Interrogatories, allege as follows:

1. Identify all persons who have knowledge of facts concerning Plaintiffs' and/or Defendants' claims and defenses in the above captioned litigation.

RESPONSE: Issa Suleiman

2. Identify all persons who participated or contributed in any capacity to the decision not to pay Plaintiffs' time and one half their hourly wage for the hours *they* worked in excess of 40 hours per week.

RESPONSE: Plaintiff was paid time and one half his hourly wage for hours he worked in excess of 40 hours per week.

3. Identify the employees who worked for Defendant at any time throughout

the Relevant Time Period, specifying the hours that each employee worked each week, the job title and duties of such employee, the wages paid such employee each week, whether the employee was paid time and one half their hourly wages for hour worked over 40 hours per week and whether the employee was paid for an additional hour of work during days that the employee worked more than a spread of 10 hours in a day.

RESPONSE: See documents produced herewith which identify the employees who worked for Defendant throughout the Relevant Time Period which specify the hours that each employee worked each week, the wages paid to each employee week.

4. Identify all managers, supervisors, or other employees of Defendants who were in a position to determine the hourly wages to be paid to employees during the Relevant Time Period, and identify which employees' wages they determined or controlled.

RESPONSE: Issa Suleiman, all employees.

5. Identify the different titles and positions of the employees' hired by Defendant during the Relevant Time Period, specifying the duties and responsibilities of each title or position at all of Defendents' company locations.

RESPONSE: Each of the employees identified in the annexed documents were employed as sales associates. Their duties included attending to customers retail sales.

6. Identify the employees who worked for Defendant during the Relevant Time Period who were not paid time and one half their hourly wage for the hours they worked in excess of 40 hours per week ("Unpaid Overtime Employees").

RESPONSE: None.

7. State the number of hours worked in excess of 40 hours a week by each Unpaid Overtime Employee during the Relevant Time Period and the amount that such employee was actually paid for the hours worked in excess of 40 hours each week, specifying (a) the data of *the weeks that each employee worked more than 40 hours a week, (b) the hours worked by the* employee during such weeks, and (c) the hourly rate of pay received by the employee during each such week and (d) the total amount paid to the employee during each such week.

RESPONSE: All employees that worked in excess of 40 hours a week were paid overtime pay at one and one half times their hourly rate. See response 6.

8. Identify the employees who worked for Defendant during the Relevant Time Period who worked a spread of more than 10 hours per day and were not paid for an extra hour of work ("NY Spread of Hours Employees").

RESPONSE: Defendants paid each employee as set forth in the schedules and documents provided in Response to the Plaintiff's demands for discovery.

9. State the number of days each NY Spread of Hours Employee worked a spread in excess of 10 hours during the Relevant Time Period and state the hourly rate of pay that such employee was paid on each such day.

RESPONSE: See Response 8.

10. Identify the officers and directors of Defendants during the Relevant Time Period.

RESPONSE: Issa Suleiman was the sole shareholder, officer and director of the Corporate Defendant.

11. Identify the sites and/or locations on which any employee of Defendant worked during the Relevant Time Period.

RESPONSE: The locations where employees worked are those listed in the lease agreements provided herewith.

12. Identify each expert witness whom Defendants have retained, employed and/or consulted and anticipates will testify at trial.

RESPONSE: None at this time.

13. Identify all insurance agreements and carriers under which Defendants have made a claim or pursuant to which claims coverage may be asserted in connection with the claims made in this action.

RESPONSE: None

14. Identify all persons who participated in or supplied information used in responding to these interrogatories and document requests.

RESPONSE: Issa Suleiman.

15. Identify the location of documents concerning the amounts paid to employees by paycheck, cash, or via any other means during the Relevant Time Period.

RESPONSE: Defendants' offices at 2414 Mermaid Avenue, Brooklyn, NY.

16. Identify the location of documents concerning the pay checks given to employees during the Relevant Time Period.

RESPONSE: Defendants' offices at 2414 Mermaid Avenue, Brooklyn, NY.

17. Identify the location of documents concerning the names and titles of Defendant's employees during the Relevant Time Period.

RESPONSE: Defendants' offices at 2414 Mermaid Avenue, Brooklyn, NY.

18. Identify all outside vendors used to pay employees of Defendant during the Relevant Time Period.

RESPONSE: None

19. Identify method of payment given to employees during the Relevant Time Period.

RESPONSE: Employees were paid by paycheck.

20. Identify the location of any notices, if any, notifying employees of their right to time and one half for hours worked over 40 in a week.

RESPONSE: Such notices were conspicuously displayed in each retail store operated by the Defendant.

21. Identify any and all investigations or lawsuits of any governmental entities related to issues concerning Defendant's employment policies or Defendant's failure to pay overtime wages to employees, which currently exist or existed during the Relevant Time Period.

RESPONSE: None

Dated: Brooklyn, New York
February 18, 2010

          Yours etc.,

          /s/
          LAW OFFICES OF DAMIAN J. PIETANZA
          Vincent Spata, Esq. (VS5030) Of Counsel
          Attorney for Defendant
          7703 5th Avenue
          Brooklyn, NY 11241
          (718)-422-7600

To:

PELTON & ASSOCIATES PC
Attorney for Plaintiff, Individually, and
on Behalf of All Other Persons Similarly Situated
111 Broadway, Suite 901
New York, New York 10006

UNITED STATES DISTRICT COURT EASTERN
DISTRICT OF NEW YORK

---

CHRISTIAN BLANDIO, Individually and on Behalf
of All Other Persons Similarly Situated,

                                                2009 CV 1696 (DOT)

        Plaintiffs,

    -against-

METROPCS COMMUNICATIONS, INC., METROPCS
NEW YORK, LLC, NY METRO PARTNER ASSOCIATE
CORP., ROGER D. LINQUIST, DAVID "DOE," ESA
"DOE," MOHAMED "DOE" and JOHN DOES #1-10,
Jointly and Severally,

        Defendants.

---

## RESPONSE TO PLAINTIFFS' FIRST REQUEST TO DEFENDANTS
## FOR THE PRODUCTION OF DOCUMENTS

Defendants, by and through their undersigned attorneys, as and for their

Response to Plaintiff's First Request for Documents, allege as follows:

1. The employment records concerning the Plaintiffs during the Relevant Time

Period.

Response: See documents produced herewith.

2. The employee handbook or similar set of rules relating to the Plaintiffs during the

Relevant Time Period including, but not limited to, wage and hour practices and

relating to wage deductions for prohibited activities such as talking on the *phone,*

missing a shift, being lore to a shift, etc.

Response: None.

3. Documents showing the revenues of each Defendant.

Response: None.

4. The financial statement (that is, a statement showing the calculation of the net worth) of each Defendant.

Response: None.

5. Documents showing the days and hours on which Plaintiffs were scheduled to work during the Relevant Time Period.

Response: See documents produced herewith.

6. Documents showing the absences of Plaintiffs from work during the Relevant Time Period.

Response: See documents produced herewith.

7. All articles of incorporation, certificate of incorporation, partnership agreements, limited liability company organizational statements, and/or assumed name filings concerning any Defendant.

Response: See documents produced herewith.

8. Any wage claims and/or wage-hour complaints filed by any of Defendants' former or current employees for alleged violations of the federal and/or state wage-hour statutes during the Relevant Time Period.

Response: None.

9. Any settlement agreements, investigative reports, court orders, correspondence, or other Documents concerning the disposition of any wage claims and/or wage-hour complaints filed against the Defendants by any of its current or former employees during the Relevant Time Period.

Response: None.

10. Any Documents which concern, depict, embody, or otherwise reflect the

Defendants' policies, practices, and procedures concerning its payment of overtime compensation during the Relevant Time Period.

Response: None.

11. Any Documents which concern, depict, embody or otherwise reflect the Defendants' policies, practices and procedures concerning their payments for hours worked over a ten hour spread in a day and hours worked in excess of 40 hours in a week.

Response: None.

12. Any Documents which concern, depict, embody or otherwise reflect the Defendants' policies, practices and procedures concerning their grant of vacation time and/or the payment of accrued but unused vacation pay to employees.

Response: None.

13. Any time cards, time and attendance sheets and other documents which indicate or reflect the hours worked by the Plaintiffs during the Relevant Time Period.

Response: See documents produced herewith.

14. All paychecks, W-2 statements, Form 1099 statements, cash pay tickets, spreadsheets, reconciliation reports, commission sales statements, commission sales reports and other payroll documents which reflect the wages and commissions paid to employees including Plaintiffs throughout the Relevant Time Period, and all filings with the Internal Revenue Service and/or New York State Department of Finance related to wages and deductions therefrom.

Response: See documents produced herewith.

15. All payroll records which reflect any overtime compensation paid to employees of Defendants, including Plaintiffs, throughout the Relevant Time

Period, with listings of commissions payable and paid during the same time periods.

Response: See documents produced herewith.

16. All documents concerning Defendants' computation of regular rate of pay of their employees, including Plaintiffs, during the Relevant Time Period.

Response: See documents produced herewith.

17. All documents received from and/or submitted by the Defendants to the United States Department of Labor or any State regulator regarding any investigation and/or audit of Defendants' practices from April 24, 2003 to the present.

Response: None.

18. Plaintiff's personnel file, including but not limited to any evaluations, attendance records, disciplinary records, pay raises and job duties.

Response: See documents produced herewith.

19. All time cards, time and attendance sheets, schedules, attendance records, as prepared by the Defendants which indicate or reflect the hours worked by employees including Plaintiffs employed by any Defendant throughout the Relevant Time Period.

Response: See documents produced herewith.

20. Documents containing the names and/or addresses and/or telephone numbers and/or dates of employment and/or contact information of each and every employee during the Relevant Time Period.

Response: See documents produced herewith.

21. All job descriptions, specifications, or other documents which describe or otherwise concern the functions perfomed by Plaintiffs during the course of their

employment by the Defendants during the Relevant Time Period.

Response: None.

22. Any collective bargaining agreement in effect concerning any employees employed by Defendants during the Relevant Time Period.

Response: None.

23. Organization charts or other documents concerning the organizational structure for all exempt and non-exempt employees working for Defendants.

Response: None.

24. All documents concerning any insurance policies that cover or may cover any claims made in the complaint.

Response: None.

25. All documents concerning any notice posted by Defendants indicating that Defendant's employees and/or Plaintiffs were entitled to time and one half for their hours worked over 40 hours, including but not limited to copies of any such notice.

Response: None.


Dated: Brooklyn, New York
February 18, 2010

                    Yours etc.,

                    /s/
                    LAW OFFICES OF DAMIAN J. PIETANZA
                    Vincent Spata, Esq. (VS5030) Of Counsel
                    Attorney for Defendant
                    7703 5th Avenue
                    Brooklyn, NY 11241
                    (718)-422-7600

To:

PELTON & ASSOCIATES PC
Attorney for Plaintiff, Individually, and
on Behalf of All Other Persons Similarly Situated
111 Broadway, Suite 901
New York, New York 10006
Telephone: (212) 385-9700
Facsimile: (212) 385-0800

To:

PELTON & ASSOCIATES PC
Attorney for Plaintiff, Individually, and
on Behalf of All Other Persons Similarly Situated
111 Broadway, Suite 901
New York, New York 10006
Telephone: (212) 385-9700
Facsimile: (212) 385-0800

## VERIFICATION

STATE OF NEW YORK     )
                      ) ss:
COUNTY OF KINGS       )

      ISSA SULEIMAN, being duly sworn deposes and says;

      I am a defendant herein. I have read the foregoing Responses to Interrogatories and demand for dioucments and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information an belief, and as to those matters I believe them to be true.

                                                         _____
                                                            ISSA SULEIMAN

Sworn to before me this ___ day
of February 18, 2010

_____

                **Damian J. Pietanza**
             Notary Public State of New York
               Qualified in Kings County
                  No. 02PI6072287
           My Commission Expires April 1, 20___